IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | U. S. DISTRICT COURT - DE |
| | § | MISC. CASE #____0 6 - 1 7 6 |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:06-CV-1412-M |
| | § | |
| HCT CAPITAL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND JUDGMENT

Before this Court is the Motion by the United States of America, on behalf of the United States Small Business Administration (SBA), for entry of a preliminary and permanent injunction, for the appointment of the SBA as Receiver for HCT Capital Corporation (HCT), and for the award of judgment against HCT for the amount of its debt to the SBA. The Court, having considered the briefs and arguments of the Plaintiff and noting that Defendant has represented that it has not and will not file an answer or a response, finds that good cause has been shown pursuant to 15 U.S.C. § 687c for the entry of a preliminary and permanent injunction, for the appointment of SBC as Receiver for HCT, and for the award of judgment against HCT in the amount of its debt to the SBA.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of HCT, and all of its assets, wherever located, and the United States Small Business Administration is hereby appointed receiver ("the Receiver") of HCT to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering,

1

marshaling and, if necessary, liquidating all of HCT's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of HCT under applicable state and federal law and by the Charter, By-Laws and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The officers, managers, directors, employees, and agents of HCT are hereby dismissed. Such persons shall have no authority with respect to HCT's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of HCT and shall pursue and preserve all of its claims.

3.      The past and/or present officers, directors, agents, managers, accountants, attorneys and employees of HCT, as well as all those acting in their place, are hereby ordered and directed, upon notice of this Order, to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. HCT shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of HCT as well as the names, addresses and amounts of claims of all known creditors of HCT. All persons having control, custody or possession of any assets or property of HCT, including its former General Partner, HCT Investment Partners, LLC, are hereby directed to turn such property over to the Receiver.

4.      The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, shareholders, creditors, debtors and agents of HCT. Notice under this Order may be given by means of mail, fax, email and/or

2

publication in a newspaper of general circulation in the Dallas/Fort Worth, Texas metroplex. All

persons and entities owing any obligations or debts to HCT shall, until further ordered by this

Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its

receipt for such payments shall have the same force and effect as if HCT had received such

payments.

5.    The Receiver is hereby authorized to open such Receiver's bank accounts, at

banking or other financial institutions, to extend credit on behalf of HCT, to utilize SBA

personnel, and to employ such other personnel as necessary to effectuate the operation of the

receivership including, but not limited to, attorneys and accountants, and is further authorized to

expend receivership funds to compensate such personnel in such amounts and upon such terms

as the Receiver shall deem reasonable in light of the usual fees and billing practices and

procedures of such personnel. The Receiver is not required to obtain Court approval prior to the

disbursement of receivership funds for payments to personnel employed by the Receiver or

payments for expenses incidental to administration of the Receivership. In addition, the

Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by

SBA personnel in the establishment and administration of the receivership. The Receiver may,

without further order of this Court, transfer, compromise, or otherwise dispose of any claim or

asset, other than real estate, which would result in net proceeds to the Receiver.

6.    HCT's past and/or present officers, directors, agents, managers, general partners,

shareholders, employees, and other appropriate persons (including, without limitation, the

defendant's portfolio of small business concerns and banks or other financial institutions doing

business with defendant and/or defendant's portfolio of small business concerns) shall answer

under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it

3

may put to them regarding the business of said partnership, or any other matter relevant to the

operation or administration of the receivership or the collection of funds due to HCT.  In the

event that the Receiver deems it necessary to require the appearance of the aforementioned

persons, the production of documents, information, or any other form of discovery concerning

the assets, property or business assets of HCT or any other matter relevant to the operation or

administration of the Receivership or the collection of funds due to HCT, the Receiver shall

direct notice for any such appearance by certified mail, and said persons shall appear and give

answer to the Receiver, produce documents or submit to any other form of discovery in

accordance with the Federal Rules of Civil Procedure.

      7.     The parties or prospective parties to any and all civil legal proceedings wherever

located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions,

default proceedings, or any other proceedings involving HCT or any assets of HCT, involving

HCT or its present or past officers, directors, managers, or general partners or the Receiver, sued

for, or in connection with, any action taken by HCT's officers, directors, managers, or general

partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-

party defendant, or otherwise, or with respect to any assets of HCT, upon notice of the Order, are

enjoined from taking any action, including discovery, commencing or continuing any legal

proceeding of any nature in connection with any proceeding. *See* 15 U.S.C. § 687c(a).

      8.     All civil legal proceedings wherever located, including arbitration proceedings,

foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant

proceeding, involving HCT or any of its assets or any action of any nature taken by HCT's

present or past officers, directors, managers, or general partners sued for, or in connection with,

any action taken by them while acting in their official capacity whether as plaintiff, defendant,

third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. *See* 15 U.S.C. § 687c(a).

9.    HCT and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of HCT to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (SBIA), 15 U.S.C. Section 661 *et seq.*, or the regulations promulgated thereunder, (Regulations), 13 C.F.R. § 107.1 *et seq.*

10.    The Receiver is authorized to borrow on behalf of HCT, from the SBA, up to $500,000, and is authorized to cause HCT to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of HCT, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of HCT.

11.    This Court determines and adjudicates that HCT has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that HCT's license as an SBIC be revoked.

12.    The United States Small Business Administration is further entitled to a judgment in the sum of $ 3,224,895.11, which shall include the total of $3,180,104.98 (principal of $3,000,000 and accrued interest and fees in the amount of $175,672.98 as of June 30, 2006, plus $4,432,00 of unpaid SBA exam fees) plus the accrued interest on $3,180,104.98 at the per diem rate of $581.69 from June 30, 2006 up to the date of entry of this Order and Judgment, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

**SO ORDERED.**

**DATED**: September 15, 2006

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG - 8 2006

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. |
| | § | **3-06CV1412-M** |
| HCT CAPITAL CORPORATION | § | U.S. DISTRICT COURT - DE |
| | § | MISC. CASE #____ 0 6 - 1 7 6 |
| Defendant. | § | |

## COMPLAINT

The United States of America, acting on behalf of its agency, the United States

Small Business Administration (SBA), files its complaint against HCT Capital

Corporation (HCT), pursuant the Small Business Investment Act, 15 U.S.C. § 687c.

The United States seeks entry of preliminary and permanent injunctions and for

appointment of the SBA as receiver for HCT's violations of its licensing agreement under

the Act. In addition, the United States seeks entry of judgment against HCT arising from

HCT's debt to the SBA in an amount not less than 3.18 million dollars.

### I.

### PARTIES, JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court by virtue of the Small Business Investment

Act of 1958, as amended, Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d),

687c, 687h; and 28 U.S.C. § 1345. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

2.      Plaintiff is the United States of America acting on behalf of its agency, the Small Business Administration (SBA), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

3.      Defendant is HCT Capital Corporation (HCT), a Texas corporation currently maintaining its principal place of business at 4916 Camp Bowie Boulevard, Suite 208, Fort Worth, Texas 76107. At all times material to this Complaint, HCT was a licensee under the Small Business Investment Act. HCT can be served with process through its registered agent, Robert D. Anderson, 3715 Camp Bowie Boulevard, Fort Worth, Texas 76107, or at HCT's corporate business address identified above.

## II.

### STATEMENT OF FACTS AND APPLICABLE LAW

4.      Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5.      HCT was licensed by SBA as a Small Business Investment Company (SBIC) on or about November 1, 1991, SBA License No. 06/06-0305. Pursuant to Section 301(c) of the Small Business Investment Act (Act), 15 U.S.C. § 681(c), in becoming a SBIC licensee, HCT agreed that it would solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6.  Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (Regulations).

7.  HCT's Articles of Incorporation and/or other governing corporate documents expressly state that HCT's is organized, and has as its sole purpose, to operate under the Act.

8.  By its Application to become a SBIC licensee, HCT stated that it would abide by and comply with the Act and the Regulations promulgated thereunder in consideration for receiving an SBIC License and/or Leverage from SBA.

9.  Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to HCT through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $3,000,000 as follows:

    a.  In the amount of $600,000.00 disbursed on 06/19/98;

    b.  In the amount of $800,000.00 disbursed on 03/26/99;

    c.  In the amount of $800,000.00 disbursed on 10/17/00; and

    d.  In the amount of $800,000.00 disbursed on 08/15/03.

Complaint - Page 3

11.    As of June 30, 2006, HCT owed SBA $3,180,104.98 in Debenture Leverage debt

       outstanding ($3,000,000.00 principal $175,672.98 and accrued interest and fee

       plus $4,432.00 of unpaid SBA exam fees) plus accruing interest on the unpaid debt

       at a per diem rate of $581.69.  Due to the effect of the per diem interest accrual,

       that debt has increased.

12.    The Debentures described in paragraph 10, above, are subject to, and incorporate

       by reference, the Regulations, including but not limited to the provision of 13

       C.F.R. §107.1810, 13 C.F.R. §§107.1830 - 107.1840, and 13 C.F.R §107.507.

13.    Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination

       and adjudication of noncompliance or violation of the Act or the Regulations, all

       of the rights, privileges and franchises of a Licensee such as HCT may be forfeited

       and the company may be declared dissolved.

14.    Section 311 of the Act, 15 U.S.C. §687c, provides that if SBA makes a

       determination that a Licensee such as HCT, or any other person, has engaged in or

       is about to engage in any acts or practices which constitutes or will constitute a

       violation of the Act or of any Rule or Regulation promulgated pursuant to the Act,

       or of any order issued under the Act, then SBA may make application to federal

       district court for an injunction.

15.    Upon the filing of such Section 311 Application, the Court shall have jurisdiction

       of such action and grant a permanent or temporary injunction, or other relief

without bond, upon a showing that such Licensee has engaged in or is about to

engage in any such acts or practices. Section 311 of the Act authorizes the Court to

appoint SBA to act as receiver for such Licensee.

### III.

### COUNT ONE

### CAPITAL IMPAIRMENT

16. Paragraphs 1 through 15 are incorporated by reference as though fully set forth
    herein.

17. Based on the SBA Form 468 submitted by HCT for the period ending September
    30, 2005, SBA determined that HCT had a condition of Capital Impairment
    percentage, as that term is defined under the Regulations, of over 60%, the
    maximum allowed under the Regulations for HCT.

18. By letter dated February 3, 2006, SBA notified HCT that it had an unacceptable
    condition of capital impairment in violation of Section §107.1830(c).

19. Pursuant to Sections 107.1820(f) and 108.1810(f)(5),(g) of the Regulations, the
    February 3, 2006 letter gave HCT fifteen (15) days to cure its condition of capital
    impairment.

20. HCT has failed to cure its condition of capital impairment and remains capitally
    impaired.

21. Based on a financial statement submitted by HCT for the period ending December
    31, 2005, SBA determined that HCT's capital impairment ratio had risen to 77%.

22.  HCT's failure to cure its condition of capital impairment is a violation of §107.1830(b) of the Regulations, as well as the terms of the Debenture Leverage.

23.  As a consequence of HCT's violation of 13 C.F.R. §§107.1830(b) of the Regulations by HCT's capital impairment, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c.

24.  The SBA should be appointed as Receiver of HCT pursuant to 15 U.S.C. § 687(d) and 687c.

25.  The SBA is also entitled, pursuant to 15 U.S.C. § 687(d) and 687c, to judgment on HCT's debt to the SBA in the amount of $3,180,104.98 as of June 30, 2006 ($3,000,000.00 principal and $175,672.98 accrued interest and fee, plus unpaid SBA exam fees of $4,432.00). The unpaid debt accrues interest at the per diem rate of $581.69 from June 30, 2006 until the date of judgment is entered, and post judgment interest thereon.

## IV.

## COUNT TWO

## FAILURE TO PAY ACCELERATED INDEBTEDNESS

26.  Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27.  Section 107.1810 (g) of the Regulations provides that the entire indebtedness evidenced by Debentures owed to SBA may be declared immediately due and payable and that SBA may avail itself of any remedy under the Act, specifically

including institution of proceedings for the appointment of SBA as the Receiver of

the Licensee upon an event of default that remains uncured to SBA's satisfaction

after notice is given and a fifteen (15) day cure period has elapsed.

28.    Section 107.1810(f)(5) provides that a condition of capital impairment as

determined under Section 107.1830 is an event of default with opportunity to cure.

29.    Based on the SBA Form 468 submitted by HCT for the period ending September

30, 2005, SBA determined that HCT had a condition of capital impairment.

30.    By letter dated February 3, 2006, SBA gave HCT fifteen (15) days to cure its

condition of capital impairment.  To date, HCT has failed to cure the default.

31.    By letter dated March 27, 2006, SBA accelerated HCT's entire Debenture

indebtedness and made demand for payment in full of the Debentures by April 14,

2006.

32.    To date, HCT has not made full payment to SBA of the accelerated amount due

and the amount of the indebtedness to SBA evidenced by the Debentures is still

outstanding.

33.    As of June 30, 2006, HCT is indebted to SBA under the Debentures in the amount

of $3,180,104.98 ($3,000,000 principal and $175,672.98 accrued interest and fee,

plus $4,432.00 of unpaid exam fees) and accruing interest on the unpaid debt at a

per diem rate of $581.69 from June 30, 2006 until the date judgment is entered,

and post judgment interest thereon.

34.    As a consequence of HCT's uncured violations of 13 C.F.R. §§107.1830(b) and

107.1810(f) of the Regulations, SBA is entitled to the injunctive relief provided

under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as

Receiver of HCT  and is also entitled to judgment on HCT's debt in the amount of

$3,180,104.98 ($3,000,000.00 principal and $175,672.92 accrued interest and fee

as of June 30, 2006 plus unpaid SBA exam fees of $4,432.00) and accruing

interest on the unpaid debt at a per diem rate of $581.69 from June 30, 2006 until

the date judgment is entered, and post judgment interest thereon.

## V.

## COUNT THREE

## NON-PERFORMANCE WITH TERMS OF LEVERAGE

35.    Paragraphs 1 through 34 are incorporated by reference as though fully set forth

herein.

36.    HCT's violations of 13 C.F.R. §107.1830(b), capital impairment, and  13 C.F.R.

§107.1810(f)(5), events of default with opportunity to cure, is also a violation of

Section 107.507(a) for nonperformance of the terms of Debentures.

37.    Each Debenture instrument specifically incorporate the terms of the Regulations.

Thus, a violation of any regulation, including exceeding the maximum capital

impairment percentage, is a violation of the terms of each and every Debenture.

38.   HCT's uncured condition of capital impairment is a violation of the terms of its

Leverage as evidenced by the Debentures, of which $3,000,000.00 remains

outstanding as of June 30, 2006.

39.   HCT's uncured condition of Capital Impairment is a violation of Section

107.1830(b) of the Regulations, Section 107.1810(f)(5)of the Regulations and the

terms of the Debentures.   Therefore, HCT is in violation of Section 107.507(a) of

the Regulations.

40.   As a consequence of HCT's continuing violation of 13 C.F.R. § 507(a) of the

Regulations, SBA is entitled to the injunctive relief provided under the Act, 15

U.S.C. §687(d) and 687c, including the appointment of SBA as receiver of HCT,

HCT Capital Corporation.

## VI.

## COUNT FOUR

## EXCESSIVE MANAGEMENT FEES

41.   Paragraphs 1 through 40 are incorporated by reference as though fully set forth

herein.

42.   Pursuant to Section 107.520, SBA must approve the management expenses of a

Licensee such as HCT when Leverage, including Debenture Leverage, is

outstanding.

43.   For the periods October 1, 2002 through December 31, 2005, HCT had Leverage

in the amount of $3,000,000.00 outstanding.

44. By letter dated June 30, 1997, SBA approved an annual amount of $110,000 in management fees.

45. SBA's records do not indicate that a request for increased management expenses was received from HCT nor do SBA's records indicate that SBA approval was given for management fee sin excess of $110,000 per annum.

46. For the fiscal year ending September 30, 2003, HCT paid over $135,949 in management fees to current management, constituting an excess of $25,949 over the amount of management fees approved by SBA.

47. For the fiscal year ending September 30, 2004, HCT paid over $171,444 in management fees to current management, constituting an excess of $61,444 over the amount of management fees approved by SBA.

48. For the fiscal year ending September 30, 2005, HCT paid over $213,541 in management fees to current management, constituting an excess of $103,541 over the amount of management fees approved by SBA.

49. During the first quarter of the fiscal year that will end September 30, 2006, HCT has already paid over $61, 856 in management fees to current management. One quarter of the $110,000 authorized management fees is $27,500 which results in $34,312 of excess management fees in the first quarter of HCT's fiscal year ending September 30, 2006 alone.

50.    For the fiscal years 2003 through and including 2005, HCT's management paid itself over $225,290 in excess management fees.

51.    By letter dated March 27, 2006, SBA wrote to HCT's board of directors and instructed that demand for the repayment to HCT of the $225,290 in excess management fees be made by April 14 2006.

52.    HCT's board of directors has failed to make such demand and HCT's current management has failed to reimburse HCT for the excess management fees.

53.    HCT's payment of excess management fees is a violation of Section 107.520 of the Regulations and is also a violation on the part of its management of Section 107.730 of the Regulations, which prohibit self-dealing and/or conflict of interest to the prejudice of the HCT and its creditors, including SBA.

54.    As a consequence of HCT's continuing violation of 13 C.F.R. §520 of the Regulations and Section 107/730 of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as receiver of HCT.

## VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

A.    That preliminary and  permanent injunctive relief be granted restraining HCT, its managers, general partner, limited partners, officers, agents, employees,

financial advisors, and other persons acting on HCT's behalf, in concert or participation

therewith from:

(1)    making any disbursements of HCT's funds;

(2)    using, investing, conveying, disposing, executing or encumbering in

any fashion any funds or assets of HCT, wherever located; and

(3)    further violating the Act or the Regulations promulgated thereunder;

B.    That this Court determine and adjudicate HCT's noncompliance with and

violation of the Act and the Regulations promulgated thereunder;

C.    That this Court take exclusive jurisdiction of HCT and all of its assets,

wherever located, and appoint SBA as permanent, liquidating receiver of HCT for the

purpose of liquidating all of HCT's assets and satisfying the claims of creditors therefrom

in the order of priority to be determined by this Court, and pursuing causes of action

available to HCT against third parties, as appropriate;

D.    That this Court render Judgment in favor of SBA and against HCT Capital

Corporation in the amount of $3,180,104.98 as of June 30, 2006 ($3,000,000.00 principal

and $175,672.98 accrued interest plus unpaid exam fees of $4,432.00) plus accruing

interest after June 30, 2006 at the per diem rate of $581.69 up to the date of entry of

judgment, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date

judgment is entered; and

E.     That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
TX Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
Telephone:  214.659.8600
Facsimile:  214.767.2916

**OF COUNSEL:**

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
202.205.6976
202.481.0324 (fax)

**Complaint - Page 13**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | HCT Capital Corporation |

RECEIVED
AUG - 8 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Tarrant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Katherine Saves McGovern   Tel. (214) 880-9165
1100 Commerce St., 3rd FL, Dallas, Texas 75242

Attorneys (If Known)

**3 - 0 6 C V 1 4 1 2 - M**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: 15 USC 687, Action for Injunction, Appointment of SBA as Receiver, Judgment on Debt

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE  8-8-06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example: U.S. Civil Statute: 47 USC 553
                                              Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR HCT CAPITAL CORPORATION
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514                    FAX NUMBER: (202) 205-6957

September 20, 2006

Mr. Peter T. Dalleo, Clerk of the Court              VIA UPS 2ND DAY DELIVERY
U.S. District Court for Delaware
844 North King Street, Lockbox 18
Wilmington, DE 19801

Re:     United States of America v. HCT Capital Corporation
        Civil Action No. 3:06-CV-1412-M

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the
Northern District of Texas Dallas Division, has taken exclusive jurisdiction of HCT Capital
Corporation ("HCT") and the assets thereof, and has appointed the U.S. Small Business
Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of HCT may be located in your jurisdiction. We therefore are enclosing
for filing, copies of the Complaint and Order establishing the Receivership, as required by 28
U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for HCT, stayed all legal
proceedings involving HCT, and prohibited the filing of any actions against the Receiver unless
permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to HCT
are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of
your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp
file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By:     _Michele L. Pittman_

        Michele L. Pittman
        Chief, Corporate Liquidation and Receivership Operations
        Office of Liquidation